UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20417-CV-DIMITROULEAS

DANIEL CARNETT,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.
_____/

### ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE

**THIS CAUSE** is before the Court on Petitioner Daniel Carnett's ("Petitioner") *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). [ECF No. 1]. Petitioner is a state prisoner incarcerated at the Dade Correctional Institution in Florida City, Florida. He challenges his convictions and sentences in case number F-94-040437 in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. This is Petitioner's second federal habeas petition challenging the same convictions and sentences. *See Carnet v. Moore*, No. 00-CV-02764-AJ, Dkt. No. 1 (S.D. Fla. Jul. 31, 2000).[1] Accordingly, the Petition is **DISMISSED** *sua sponte* as an unauthorized successive petition pursuant to 28 U.S.C. § 2244(b).

**I.    LEGAL STANDARD**

Rule 4(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

---

[1] A federal district court may take judicial notice of its own records. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

to notify the petitioner." Likewise, the United States Supreme Court has consistently held that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994). In reviewing a *pro se* petition under Rule 4, the district court must construe it liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") established strict limits on a state prisoner's ability to file a "second or successive" habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (citing 28 U.S.C. § 2244(b)(1)). Under the AEDPA, "before a petitioner may file a second or successive § 2254 habeas petition, the petitioner first must obtain an order from [the Eleventh Circuit] authorizing the district court to consider the petition." *Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (alterations added) (citing 28 U.S.C. § 2244(b)(3)(A)). Without authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider a second or successive habeas petition. *See* § 2244(b)(3)(A); *Wallace v. Att'y Gen. of Ala.*, 825 F. App'x 737, 738 (11th Cir. 2020) (citation omitted).

The phrase "second or successive" is "not self-defining" and does not refer "to all § 2254 applications filed second or successively in time[.]" *Panetti v. Quarterman*, 551 U.S. 930, 944–45 (2007). "To determine whether an inmate's petition is second or successive, [courts] look to whether the petitioner filed a federal habeas petition challenging the same judgment." *Miles v. Strickland*, 774 F. App'x 590, 592 (11th Cir. 2019) (citing *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1279 (11th Cir. 2014)). If the petitioner is challenging the same judgment he challenged previously, then his second petition is second or successive if the first petition was

denied or dismissed with prejudice. *See id*. (citing *Guenther v. Holt*, 173 F.3d 1328, 1329 (11th Cir. 1999)). A petition is not second or successive, however, "if it challenges a new judgment issued after the prisoner filed his first petition." *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017).

**II.   DISCUSSION**

This Court lacks jurisdiction to consider the Petition under 28 U.S.C. § 2244(b)(3)(A). Petitioner previously filed a habeas petition in Case No. 00-CV-02764-AJ, challenging the same judgment he challenges here. *See Carnet v. Moore*, No. 00-CV-02764-AJ, Dkt. No. 1 at 1 (S.D. Fla. Jul. 31, 2000). The petition in that case was dismissed as untimely. *See Carnet v. Moore*, No. 00-CV-02764-AJ, Dkt. No. 18 at 2 (S.D. Fla. Mar. 13, 2001). Petitioner does not allege that he received a new judgment since his first petition was dismissed, and a review of his state court record confirms that he has not.[2] Therefore, the instant Petition is successive. *See White v. Sec'y, Florida Dep't of Corr.*, 2022 WL 17420559, at *1 (11th Cir. Dec. 6, 2022) ("When a habeas petition is dismissed as untimely, any later petition challenging the same judgment is considered second or successive." (citing *Patterson v. Sec'y, Florida Dep't of Corr.*, 849 F.3d 1321, 1325 (11th Cir. 2017))).

Petitioner does not allege that he has received authorization from the Eleventh Circuit to file a successive petition, and a review of the Eleventh Circuit's CM/ECF database reveals that he has not. As authorization has not been granted, this Court lacks jurisdiction to consider the instant Petition. *See* § 2244(b)(3)(A); *Burton*, 549 U.S. at 153.

---

[2] Under Fed. R. Evid. 201, the Court takes judicial notice of the record in Petitioner's state criminal case. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir. 2020). Petitioner's state court record is available at https://www2.miamidadeclerk.gov/cjis/ (search Case No. "F-94-040437").

Furthermore, the Petition has no merit. Although not a model of clarity, Petitioner only takes issue with not being charged by a grand jury indictment. [*See* ECF No. 1 at 5]. Under Florida law, a grand jury indictment is only required for capital offenses. *Gerstein v. Pugh*, 420 U.S. 103, 106 (1975) ("In Florida, indictments are required only for prosecution of capital offenses. Prosecutors may charge all other crimes by information, without a prior preliminary hearing and without obtaining leave of court."). In any event, Petitioner has no federal right to a grand jury indictment on state felonies. The Supreme Court has "held that no federal right to [indictment by] a grand jury exists in state prosecutions. The Court has consistently reaffirmed this holding." *Bae v. Peters*, 950 F.2d 469, 477 (7th Cir. 1991) (citing *Hurtado v. California*, 110 U.S. 516 (1884)); *see Cooksey v. Delo*, 94 F.3d 1214, 1217 (8th Cir. 1996) (noting that in *Hurtado* the Supreme Court "held that neither the Fifth Amendment . . . nor the Fourteenth Amendment's Due Process Clause requires states to afford a defendant the right to be tried only upon indictment").

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [**ECF No. 1**] is **DISMISSED** as an unauthorized second or successive petition.
2. All pending motions are **DENIED AS MOOT**.
3. No certificate of appealability shall issue.
4. This case is **CLOSED;** the Clerk shall mail a copy of this order to Petitioner.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of January, 2026.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

cc: Daniel Carnett, *pro se*
   M05807
   Dade Correctional Institution
   Inmate Mail/Parcels
   19000 SW 377th Street
   Florida City, FL 33034